IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. ABRAHAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-593-***-LPS |
| | ) |
| STATE OF DELAWARE | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| CIVIGENICS INC., d/b/a Crest | ) |
| Treatment Program, LAURA SIKORA, | ) |
| AARON PRINCE, CORRECTIONAL | ) |
| MEDICAL SERVICES, NURSE BELL, | ) |
| LT. COSTELLO, OFFICER CPL. | ) |
| MANN, and WARDEN OF SUSSEX | ) |
| VIOLATION OF PROBATION | ) |
| CENTER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of December, 2007, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for appointment of counsel is denied

without prejudice with leave to renew; plaintiff's motion to amend to add defendants is

denied; plaintiff will be allowed to proceed against defendants Cpl. Mann and Lt.

Costello only as to the May 10, 2007 excessive force claim; and the remaining

defendants and claims against them are dismissed without prejudice as frivolous and

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the

Delaware Correctional Center ("DCC"), filed this action alleging negligence, gross negligence, mental health gross malpractice, false imprisonment, assault and battery, conspiracy and violations of his constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth amendments of the U. S. Constitution. (D.I. 2, 6) Plaintiff recently filed a motion to amend to add as defendants Department of Correction ("DOC") Commissioner Carl Danberg ("Danberg"), the warden of DCC ("DCC warden"), and counselors Spence ("Spence") and Thompson ("Thompson"). (D.I. 11) The complaint also contains a request for appointed counsel.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff began his incarceration on January 3, 2007. Plaintiff has been housed in the Security Housing Unit ("SHU") since May 16, 2007. (Id. at ¶ 9, 105) Prior to that time he was a participant in defendant Civigenics' ("Civigenics") Crest drug treatment program from January 5, 2007 through April 29, 2007, and was in the Sussex Violation of Probation Center ("SVOP") from April 29, 2007 through May 13,

-3-

2007.[1] (D.I. 2, ¶¶ 7, 8, 59, 103, 104) Plaintiff alleges he rejected probation so that he could benefit from the drug treatment program. (Id. at ¶ 14) Most of plaintiff's allegations concern the inadequacy of the Crest treatment program and the actions or inactions of its counselors, defendants Laura Sikora ("Sikora") and Aaron Prince ("Prince"). (Id. at ¶¶ 15-48, 107-111) In general, plaintiff alleges the program is improperly run and administered, its personnel are improperly trained and supervised, classes are conducted by inmates who had no training or preparation, plaintiff's complaints about the program were ignored, and plaintiff was chastised, punished or reprimanded on several occasions by Civigenics staff for incidents "concocted" by inmates in the program. (Id. at ¶¶ 49- 52) Plaintiff specifically alleges Sikora ignored several of his handwritten warnings and complaints regarding the dysfunctional operation of the program. (Id. at ¶ 79) Plaintiff alleges that the contract Civigenics has with the State of Delaware should be terminated because its treatment program is ineffective and based upon fraud or at least is grossly noncompliant. (Id. at ¶ 100) Plaintiff alleges he was falsely accused of a program violation by the DOC staff on January 5, 2007. (Id. at ¶ 102) Plaintiff alleges that inmates fear being "set back" or terminated from the Civigenics program and that wrongful or unjustified "set backs" or terminations constitute cruel and usual punishment, denial of due process, and false imprisonment. (Id. at ¶¶ 54, 55)

_____

[1]Civigenics administers a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware. Hamilton v. Civigenics, No. 03-826-GMS, 2005 WL 418023, at *1 n.2 (D. Del. Feb. 22, 2005). The Crest program is the second part of a three-step drug treatment program. Key is the first phase of the program and Aftercare is the third phase.

-4-

5. Plaintiff alleges that on April 9, 2007, he left a church service to use the bathroom and while in the bathroom was told to return to his pod and to stay there. (Id. at ¶ 53) Plaintiff alleges that later he was reprimanded by an unnamed Civigenics counselor for not leaving his pod to attend a meeting. Plaintiff alleges that the incident deprived him of his constitutional right to attend the church service.

6. Plaintiff was housed at the SVOP for approximately two months beginning in late April 2007. He alleges that the SVOP warden[2] failed to properly train, supervise and discipline DOC personnel. (Id. at ¶ 58) Plaintiff alleges he witnessed a "pervasive pattern and practice of serious, egregious, unlawful, and criminal verbal and physical abuse of inmates by SVOP personnel." (Id. at ¶ 60) He alleges grievances are ignored, personnel constantly insult, taunt, provoke, and threaten inmates, falsely accuse inmates of wrongdoing, and conspire to coverup their wrongdoing.[3] (Id. at ¶¶ 61-70)

7. Plaintiff alleges that on May 10, 2007, while handcuffed and seated in a chair he was attacked by defendants Officer Cpl. Mann ("Mann") and Lt. Costello ("Costello"). (Id. at ¶ 72) Plaintiff alleges Mann and Costello sprayed him with a chemical agent, slammed him to the pavement, kicked him in the head, deliberately injured his arm, insulted, and threatened him. (Id.) Plaintiff alleges he suffered injuries to his leg, head, shoulder, back, neck and arm. (Id.)

---

[2]Robert George is the warden at the SVOP.

[3]Plaintiff refers to an incident on May 9, 2007 when an unnamed inmate was sprayed with a chemical agent, punched and slammed without reason or cause. The allegations are clear that plaintiff was not the inmate in question. (D.I. 2, ¶ 71)

8. Plaintiff alleges that during a class on or about April 14, 2007, he was subjected to verbal abuse by Prince. (Id. at ¶ 76) Plaintiff alleges Prince attacked him verbally, vehemently shouted in a loud belligerent voice, and made absurd, false, and ridiculous accusations and insults. (Id.) Plaintiff alleges Prince became verbally abusive a second time, on April17, 2007, during a disciplinary hearing.

9. Plaintiff alleges that on May 10, 2007, while housed at SVOP, he was falsely accused by Officer Mollman[4] of talking in the chow hall and a disciplinary report issued to him. (Id. at 80) Plaintiff alleges that Mann was present and muttered he would spray him with a chemical agent. (Id.) Plaintiff alleges that Mollman threatened him and later Costello appeared and threatened and insulted plaintiff. (Id. at ¶ 81)

10. Plaintiff alleges he has a medical condition which causes uncontrollable urges to defecate and he has an enlarged prostrate which causes frequent urination. (Id. at 82, 83) Plaintiff alleges he informed CMS's nurses and medical technicians of his conditions upon his arrival at the DOC and they were entered into his medical record. (Id. at 84) He also advised Civigenics and DOC personnel of the condition. (Id. at 87) Plaintiff alleges that on March 23, 2007, while locked in the yard, he was not allowed to use the bathroom even though it was an emergency. (Id. at ¶¶ 88-92) As a result, plaintiff urinated through the fence and was disciplined by the DOC and Civigenics. (Id. at 92-93) Plaintiff alleges that Prince was particularly belligerent during the disciplinary hearing. (Id. at ¶ 93) He alleges that Prince and the DOC denied him access to his medical records. (Id.) Plaintiff alleges that as a result of this incident he

[4]Mollman is not a named defendant.

-6-

was set back 30 days in the Civigenics program. (Id.) Plaintiff alleges he filed
grievances requesting his medical records and they were ignored. (Id. at ¶ 93) Plaintiff
also alleges that Prince made racist statements and referred to plaintiff as a "cracker."
(Id. at ¶ 94)

11. Plaintiff alleges that on March 14, 2007, nurse Bell ("Bell") was distributing
medication, plaintiff asked for another medication and was told by Bell that it had not
been prescribed by the physician. (Id. at ¶ 95) Plaintiff asked Bell to check his records
and after she told him to return to his cell, she refused to identify herself to plaintiff.
(Id.) Plaintiff alleges that Bell filed a false report against him, which stated that he was
disruptive, disorderly, and had begun cursing. (Id.) As a result, plaintiff received a set
back of several days in the drug program. (Id.) Plaintiff takes exception to Bell's
attitude. (Id. at ¶ 96) He alleges grievances he filed were ignored. (Id. at ¶ 97)
Plaintiff alleges that CMS fails to train, supervise, and discipline its employees and does
not have an appropriate medication program for the administration of drugs (Id. at ¶¶
98, 99)

12. **DOC Immunity**. The DOC, an agency of the State of Delaware, is named
as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights
suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661
F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of
Delaware has not waived its sovereign immunity under the Eleventh Amendment. See
Ospina v. Department of Corr., 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an
agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh

Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, \*4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). Plaintiff's claim against the DOC has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, the claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

13. **Civigenics Immunity**. Civigenics is also a named defendant. Civigenics and its employees are state actors because they are employed by the State of Delaware to provide treatment to inmates. As a result, for the purposes of § 1983 Civigenics acts under color of state law. Hamilton v. Civigenics, No. 03-826-GMS, 2005 WL 418023, at \* 5  (D. Del. Feb. 22, 2005) (citing West v. Atkins, 487 U.S. 42, 48-54 (1988). This court has previously determined that Civigenics as a state actor, has not waived sovereign immunity to suits in federal court. Id. (citing Ospina v. Department of Correction, 749 F.Supp. 572, 579 (D. Del. 1991). Accordingly, it is immune from suit under § 1983. The claims against Civigenics, therefore, are dismissed. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

14. **Drug Treatment Program**. The majority of plaintiff's claims revolve around his displeasure with the drug treatment program administered by Civigenics and counselors SIkora and Prince. Prisoners have no constitutional right to drug treatment or other rehabilitation. Groppi v. Bosco, 208 Fed. Appx. 113, 115 (3d Cir. 2006); Abdul-Akbar v. Department of Corr., 910 F.Supp. 986, 1002 (D. Del.1995); see also Norris v. Frame, 585 F.2d 1183 (3d Cir. 1978); Fiallo v. de Batista, 666 F.2d 729, 730 (1st Cir. 1981); Smith v. Follette, 445 F.2d 955 (2d Cir. 1971). Accordingly, the drug treatment

-8-

claims against Civigenics, Sikora, and Prince have no basis in law and are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

15. **Due Process.** Plaintiff alleges that inmates fear being "set back" or terminated from the Civigenics program and that wrongful or unjustified "set backs" or terminations constitute cruel and usual punishment, denial of due process, and false imprisonment. Plaintiff has failed to state a due process claim and the other allegations regarding "set backs" are frivolous.

16. The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)·(quoting Sandin, 515 U.S. at 484). As previously discussed, plaintiff has no constitutional right to a drug treatment program and dismissal from said program does not impose an atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life. Therefore, the claims regarding "set backs" and the drug treatment program are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

17. **False Accusations.** Plaintiff alleges that he was falsely accused of programs violations. However, the filing of a false disciplinary charge and related

-9-

disciplinary sanctions, without more, do not violate his constitutional rights under the Due Process Clause. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Therefore, the court claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

18. **Respondeat Superior**. Plaintiff seeks to hold the SVOP warden liable on the basis of his supervisory position. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

19. Plaintiff alleges in general terms that the warden failed to properly train, supervise, and discipline DOC personnel. The complaint, however, does not allege that the warden was the "driving force [behind]" plaintiff's list of alleged constitutional violations. Moreover, the complaint does not indicate that the warden was aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, the claims against the SVOP warden are dismissed inasmuch as they have no arguable basis in law or in fact.

20. **Verbal Abuse**. Plaintiff alleges that he is the victim of verbal abuse by Prince, Costello, Mann, and various other DOC and Civigenics personnel. Verbal

-10-

abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). The verbal abuse and harassment claims have no basis in law and are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

21. **Excessive Force**. Plaintiff alleges that he was attacked by Mann and Costello on May 10, 2007. More particularly, he alleges they sprayed him with a chemical agent, slammed him to the floor and kicked him all of which resulted in injuries to his leg, head, shoulder, back, neck and arm.

22. When analyzing an excessive force claim under the Eighth Amendment, the court must determine "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citations omitted). Use of force is actionable under § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." Davidson v. O'Lone, 752 F.2d 817, 827 (3d Cir. 1984). The court must determine whether the force was applied in good faith by weighing the

-11-

following factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. Davis v. Carroll, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Plaintiff has adequately alleged an excessive force claim against Mann and Costello and he will be allowed to proceed with this claim.

23. **Medical Needs**. Plaintiff alleges that Bell was deliberately indifferent to his serious medical needs when she failed to administer unnamed medication. Plaintiff alleges that CMS fails to train, supervise, and discipline its employees and does not have an appropriate medication administration medication program. In order to state an inadequate medical treatment claim under the Eighth Amendment, an inmate must allege deliberate indifference to serious medical needs constituting "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

24. When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Med. Sys., Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that CMS is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or

-12-

vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

25. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Poole v. Taylor, 466 F.Supp.2d 578, 589 (D. Del. 2006) (citing Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000)). Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

26. As to his allegations against Bell, plaintiff makes no mention of a serious medical condition. Nor does the complaint indicate what type of medication Bell allegedly withheld. Further, plaintiff's own allegations are that Bell told him the medication at issue had not been prescribed. Even construing the complaint liberally, as the court must, plaintiff's complaint is one of disagreement of medical care, not denial or delay of medical care. With regard to CMS, plaintiff alleges that on one incident he was not provided medication. Plaintiff makes conclusory and formulaic allegations that CMS fails to train, supervise, and discipline its employees and does not have an appropriate drug administration program. The allegations do not adequately alleged that  CMS  has a policy or custom that policy caused the constitutional

-13-

violations plaintiff alleges. The medical needs claims against Bell and CMS have no basis in law and fact and are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

27. **Conditions of Confinement.** Plaintiff alleges he has medical conditions, known to the DOC, Civigenics and CMS personnel, which cause uncontrollable defecation and frequent urination. He alleges that he was denied bathroom use on one occasion, it was an emergency so he urinated through the fence, and he was disciplined for his action. It appears plaintiff attempts to raise a conditions of confinement claim.

28. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). The duration of the alleged violation is a particularly important factor to be considered in a conditions of confinement case. "A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months," Hutto v. Finney, 437 U.S. 678, 686-87 (1978), but de minimis deprivations generally will not rise to violations of the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (excessive force claim).

29. Here, plaintiff complains of one isolated incident when he was not allowed to use the bathroom even though it was an emergency. The alleged violation was short in duration and occurred on only one occasions. While unpleasant, plaintiff's bathroom

allegations do not state a cognizable conditions of confinement claim.  Therefore, the court the claim is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

30.  **Religion**.  Plaintiff alleges a violation of his right to exercise his religious beliefs when he left a church service to go to the bathroom, was told by a correction officer to return to his pod and stay there, and was not allowed to return to the service.  When a prisoner claims that his right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature."  DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000).  If so, the court must then apply the four-factor test set forth in Turner v. Safley, 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests."  DeHart, 227 F.3d at 51.

31.  Plaintiff does not allege that he was not allowed to exercise his religion.  Rather, plaintiff alleges he was attending service and voluntarily left the service to use the bathroom.  Also, the complaint fails to name the individual who ordered plaintiff to his pod rather than allow him to return to the service, and a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)).  The court finds that the claim is frivolous and fails to state a claim upon which relief may be granted.  Therefore, the religion claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-15-

32. **Grievances**.  Plaintiff makes numerous complaints that his grievances were not heard, not acted upon, or ignored.  Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances.  Booth v. King, 346 F. Supp. 2d 751,761 (E.D. Pa. 2004).  This is because inmates do not have a constitutionally protected right to the prison grievance procedure.  Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)  Plaintiff cannot maintain a constitutional claim based upon his allegations.  The grievance claims, therefore, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

33. **Medical Malpractice**.  The first page of plaintiff's complaint states "mental health gross malpractice." (D.I. 2).  He appears to allege a state claim for medical malpractice.  In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.  18 Del. Code Ann. § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury."  Bonesmo v. Nemours Found., 253 F.Supp.2d 801, 804 (D. Del. 2003) (quoting Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. Code Ann. § 6853.  Plaintiff did not include an affidavit of merit signed by an expert witness with his complaint as is required.  Therefore, the medical malpractice claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

34. **Miscellaneous Claims**.  The first page of plaintiff's complaint also states "negligence, gross negligence . . . ,assault and battery, conspiracy" apparently in an attempt to raise such claims.[5]  The act of placing the foregoing words in a complaint does not suffice to state a claim.  Plaintiff is required to provide the grounds of his entitlement to relief not, as he has done, set forth mere labels.  Accordingly, the foregoing miscellaneous claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

35. **Motion to Amend**.  Plaintiff moves to amend his complaint to add DOC Commissioner Carl Danberg ("Danberg"), counselors Spence and Thompson, and the warden of DCC.[6]  (D.I. 11)  Plaintiff states he wishes to raise legal issues arising from the fact that these "professionals" and others have "completely abdicated their responsibilities" by allowing inmates to conduct counseling groups, teach classes, enforce rules, engage in extortion and intimidation, and control the drug treatment program.  Plaintiff further states that counselors are in the building three hours per week and engage in no counseling with patient inmates.  Plaintiff previously amended his complaint on October 11, 2007.  (D.I. 6)

36. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  Shane v. Fauver, 213 F.3d 113,

---

[5]The court addressed plaintiff's claims of malpractice and false imprisonment in paragraphs fifteen, sixteen, and thirty-four..

[6]Thomas Carroll is the warden at DCC.

-17-

115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

37. As previously discussed, prisoners have no constitutional right to drug treatment or other rehabilitation. Moreover, it appears plaintiff seeks to hold Danberg and the DCC warden liable on the basis of the supervisory positions. As discussed above, § 1983 liability cannot lie under this theory. Plaintiff has not alleged that under the supervision and direction of the proposed defendants, other prisoners were allowed to violate his plaintiff's constitutional rights. Therefore, the motion to amend (D.I. 11) is

-18-

**denied** inasmuch as the proposed amendment advances a claim or defense that is legally insufficient on its face.

38. **Motion for Appointment of Counsel**. Plaintiff has asked the court to appoint him counsel in various pleadings filed with the court. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

39. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues; (3) the degree
to which factual investigation will be necessary and the ability
of the plaintiff to pursue investigation; (4) the plaintiff's capacity
to retain counsel on his own behalf; (5) the extent to which a
case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

-19-

40. Plaintiff reiterates, on numerous occasions, that he was an assistant attorney general for the State of Delaware, has tried numerous cases, and examined numerous witnesses. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Moreover, this case is in its very early stages. Plaintiff's motion for appointment of counsel (D.I. 11) is **denied** without prejudice. The court has not entered a scheduling order and discovery has yet to commence. The scheduling order will contain a deadline for filing dispositive motions. Accordingly, further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claim survive summary judgment.

41. **Conclusion.** Plaintiff's motions to amend and for appointment of counsel are **denied.** (D.I. 11) Plaintiff is be allowed to proceed against defendants Cpl. Mann and Lt. Costello only as to the May 10, 2007 excessive force claim. The remaining defendants State of Delaware Department of Correction, Civigenics Inc. d/b/a Crest Treatment Program, Laura Sikora, Aaron Prince, Correctional Medical Services, Nurse Bell, and SVOP warden and the claims against them are dismissed without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide **original**

-20-

"U.S. Marshal-285" forms for **remaining defendants Cpl. Mann and Lt. Costello**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff shall provide the court with copies of the complaint and amendment (D.I. 2, 6) for service upon the remaining defendants and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint and its amendment until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and its amendment (D.I. 2, 6), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

-21-

process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

8. **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

UNITED STATES DISTRICT JUDGE