IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH R. ABRAHAM )
)
Plaintiff, )
)
v. ) Civil Action No. 07-593-***-LPS
)
LT. COSTELLO  and OFFICER CPL. )
MANN, )
)
Defendants. )

**MEMORANDUM ORDER**

At Wilmington this I⁶ᵗʰday of January, 2008, having reviewed plaintiff's response

to memorandum order of December 4, 2007, which the court construes as a motion for

reconsideration, IT IS ORDERED that the motion (D.I. 13) is **denied** for the reasons

that follow:

1. **Background**. Plaintiff, who appears pro se and was granted leave to

proceed in forma pauperis, filed this civil rights case pursuant to 42 U.S.C. § 1983

alleging violations of his constitutional rights.  In a lengthy memorandum order, dated

December 4, 2007, many of the claims and most of the defendants were dismissed as

frivolous and for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915 and § 1915A.  Plaintiff was allowed to proceed with excessive force

claims against two defendants.  Plaintiff moves for reconsideration and asks the court

to re-review the complaint, consider his assertions in the pending motion (D.I. 13), and

reinstate the dismissed claims and defendants.

2. **Standard of Review**. The standard for obtaining relief under Rule 59(e) is

difficult for plaintiff to meet.  The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be

granted if the moving party shows: (1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court issued its order;

or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

3. A motion for reconsideration is not properly grounded on a request that a

court rethink a decision already made.  See Glendon Energy Co. v. Borough of

Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Motions for reargument or

reconsideration may not be used "as a means to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided."

Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument is

only appropriate where "the Court has patently misunderstood a party, or has made a

decision outside the adversarial issues presented to the Court by the parties, or has

made an error not of reasoning but of apprehension."  Brambles USA, 735 F. Supp. at

1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

4. **Discussion**.  Plaintiff simply disagrees with the court's December 4, 2007

screening order dismissing several claims and defendants.  The court thoroughly

reviewed the complaint and explained in detail its reasoning for dismissing several

claims and defendants.  There is no need to correct a clear error of law or fact or to

prevent manifest injustice.  Moreover, plaintiff has not demonstrated any of the grounds

necessary to warrant reconsideration.

_____
UNITED STATES DISTRICT JUDGE