IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH R. ABRAHAM      :
                        :
     Plaintiff,         :
                        :
     v.                 : Civil Action No. 07-593-JJF
                        :
LT. COSTELLO and OFFICER CPL. :
MANN,                   :
                        :
     Defendants.        :

## MEMORANDUM ORDER

### I.   INTRODUCTION

Plaintiff, Kenneth R. Abraham[1] ("Plaintiff"), an inmate at

the Delaware Correctional Center ("DCC"), moves the Court for a

temporary restraining order and injunction.  (D.I. 14.)  The

Motion asserts interference with his outgoing mail and legal

pleadings, the refusal of the Security Housing Unit's law library

to make necessary photocopies, and lack of writing supplies.  On

January 15, 2008, the Court ordered the warden of DCC, Perry

Phelps ("Phelps"), to respond to Plaintiff's allegations.  (D.I.

19.)  A response was filed, along with the affidavit of Brian

Engrem ("Engrem"), a paralegal at the DCC, as well as other

exhibits.  (D.I. 27)

### II.   STANDARD OF REVIEW

When considering a motion for a preliminary injunction,

---

[1]In his Complaint, Plaintiff stated that is an attorney, was
an assistant attorney general for the State of Delaware, and has
tried numerous cases.

Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. <u>Maldonado v. Houstoun</u>, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." <u>Continental Group, Inc. v. Amoco Chems. Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980)(quoting <u>Holiday Inns of Am., Inc. v. B & B Corp.</u>, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." <u>SI Handling Sys., Inc. v. Heisley</u>, 753 F.2d 1244, 1264 (3d Cir. 1985).

## III.  DISCUSSION

Phelps argues that Plaintiff is not entitled to injunctive relief because he cannot meet the requisites for injunctive relief. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a

constitutional prerequisite to suit.  <u>Lewis v. Casey</u>, 518 U.S.
343, 351 (1996); <u>Christopher v. Harbury</u>, 536 U .S. 403, 415
(2002) (explaining that the constitutional right of access is
"ancillary to the underlying claim, without which a plaintiff
cannot have suffered injury by being shut out of court").  An
actual injury is shown only where a nonfrivolous, arguable claim
is lost.  <u>Christopher</u>, 536 U.S. at 415.

Engrem avers that Plaintiff has been granted repeated access
to the law library, from May 2007 to mid-January 2008 he received
approximately 686 pages of photocopies for legal work, and he has
received copies of numerous court cases, forms, and inmate
paralegal responses.  (D.I. 27, ex. 2.)  Engrem avers that
certain requests made by Plaintiff were properly turned down
because they exceeded the scope of the library policy and, in
each instance, Plaintiff was provided with a written explanation
of the denial.  (<u>Id</u>.)  Engrem states that, as to writing
supplies, indigent inmates are permitted to request supplies from
the commissary once a month.  (<u>Id</u>.)

Given the exhibits submitted to the Court and Plaintiff's
response, he has not demonstrated the likelihood of success on
the merits.  Plaintiff makes numerous allegations, yet he has
been able to meet all court deadlines.  He complains that his
legal mail was tampered with when he requested a copy of a
Complaint, yet he has received a copy.  Finally, he acknowledges,

-4-

that he has had access to the law library, and he receives legal assistance.  (D.I. 33.)  Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify injunctive relief.

NOW, THEREFORE, IT IS HEREBY ORDERED this 25 day of February, 2008, that the Motion For A Temporary Restraining Order And Injunction (D.I. 14) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE