IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-593-SLR |
| | ) |
| LT. COSTELLO and OFFICER CPL. MANN, | ) |
| | ) |
| Defendants. | ) |

Kenneth R. Abraham, Pro Se Plaintiff. James T. Vaughn Correctional Center, Smyrna, Delaware.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: January 22, 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) Presently before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 4(m) and plaintiff's response thereto. (D.I. 66, 67) Also before the court is plaintiff's motion to amend/correct and renewed requests for counsel. (D.I. 72, 75) For the reasons set forth below, the court will deny the motion to dismiss. The court will grant plaintiff's motion to amend/correct and will deny his renewed request for counsel.

## II. BACKGROUND

Plaintiff filed his complaint on September 26, 2007, and amended the complaint on October 11, 2007. (D.I. 2, 6) The court screened the complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and dismissed all defendants save Cpl. Mann ("Mann") and Lt. Costello ("Costello"). (D.I. 12.) The screening order required plaintiff to submit USM-285 forms, within 120 days pursuant to Fed. R. Civ. P. 4, for the remaining defendants and the Attorney General of the State of Delaware in order to effect service. Plaintiff, however, appealed the screening order. The appeal was ultimately dismissed for lack of jurisdiction. (D.I. 48.) A few weeks before the appeal was dismissed, plaintiff submitted USM-285 forms for Mann, Costello and Deputy Attorney General Catherine Damavandi ("Damavandi"). Service packets were sent to the United Service Marshal Service on April 10, 2008, following dismissal of the appeal.

Costello was served on May 8, 2008, and filed with the court his waiver of service of summons. (D.I. 51) Similarly, Damavandi was served on May 27, 2008 and the

USM-285 form was returned executed on May 28, 2008. (D.I. 55) Damavandi is not a party. To date, the United States Marshal Service has not filed the USM-285 process receipt and return for Mann.

Defendants move for dismissal on the grounds that plaintiff failed to submit a USM-285 form for the Attorney General, State Solicitor, or Chief Deputy Attorney General as required by statute, that Mann has not been served, and that plaintiff cannot demonstrate good cause for his failure to serve the Attorney General of the State of Delaware or Mann.

## III. MOTION TO DISMISS

### A. Standard of Review

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on to state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

Section 3103 of the Delaware Code provides that "[n]o service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon

the person of the State Solicitor or upon the person of the Chief Deputy Attorney General. 10 Del. C. § 3103(c).

### B. Discussion

Defendants argue that, because plaintiff did not follow the requisites of 10 Del. C. § 3103(c), he failed to properly effect service. Defendants argue that the submitted USM-285 form was specifically directed to Damavandi and not to the Attorney General, State Solicitor or Chief Deputy Attorney General as is required. Plaintiff advises that he placed Damavandi's name on the USM-285 form because he believed she had entered her appearance and because she is an agent of the Attorney General. Plaintiff acknowledges that Mann has never been served. The record indicates, however, that he has written the United States Marshal Service to ascertain why there has been no service.

Initially, the court notes that plaintiff proceeds in forma pauperis and, therefore, must rely upon the court to issue a service order and the United States Marshal Service to effect proper service of the summons and complaint. See 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). There is nothing in the record indicating that the lack of service of Mann is due to plaintiff's actions or inactions.

With regard to service upon the Attorney General, the court finds that plaintiff has demonstrated good cause for his failure to comply with § 3103(c). Plaintiff explained why he did not follow § 3103(c) and why the USM-285 form contained Damavandi's name rather than that of the Attorney General. Accordingly, the court will deny the

motion to dismiss.

## IV. MOTION TO AMEND

Plaintiff moves to amend the complaint to add as defendants Delaware Department of Correction Commissioner Carl Danberg ("Danberg") and former warden of the Sussex Community Corrections Center Robert George ("George"). Plaintiff seeks to add a failure to train and supervise claim for Danberg's and George's alleged "failure to train and supervise employees in the proper use of force - or not to use excessive force - creating or allowing to exist a practice and/or custom of rampant and widespread use of excessive force against inmates, endangering and constituting deliberate indifference to the Eighth Amendment rights of plaintiff and others."[1] (D.I. 72)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). The case is in its early stages and all parties have not been served. Therefore, the court will grant plaintiff's motion to amend.

## V. REQUEST FOR COUNSEL

Plaintiff renews his requests for counsel. (D.I. 72, 75) A pro se litigant

---

[1] Absent direct involvement, a plaintiff can hold a supervisor liable for failure to train or supervise if the supervisor has shown deliberate indifference to the plight of the person involved. *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir.1999).

proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the court finds that plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

It remains to be seen whether plaintiff's claim has arguable merit. Moreover, plaintiff has the ability to present his claims. Indeed, at one time, plaintiff was actively engaged in the practice of law as an attorney licensed in Delaware. The court further notes that plaintiff has previously sought, and was denied, counsel.

Upon consideration of the record, the court is not persuaded that the request for counsel is warranted at this time and, therefore, the motion will be denied. There is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

## VI. CONCLUSION

Based upon the foregoing analysis, the court will deny defendants' motion to dismiss. The court will grant plaintiff's motion to amend and will deny without prejudice plaintiff's requests for counsel. An appropriate order will issue.