IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-593-SLR |
| | ) |
| LT. COSTELLO and | ) |
| OFFICER CPL. MANN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 27th day of October, 2009, having considered plaintiff's motions for appointment of counsel as well as the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motions for appointment of counsel (D.I. 84, 87) are denied without prejudice to renew for the reasons that follow:

1. **Background.** Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the James T. Vaughan Correctional Center ("JVCC"), formerly the Delaware Correctional Center, filed this civil rights action pursuant 42 U.S.C. § 1983 alleging violations of various constitutional rights. (D.I. 2) Plaintiff previously sought, and was denied, appointment of counsel;[1] nonetheless, plaintiff filed the motions pending at bar. (D.I. 12, 88) Prior to his incarceration, plaintiff was a licensed attorney with over ten years of experience. (*Abraham v. Danberg*, Civ. No. 08-311-SLR, D.I. 90 at 2)

---

[1] In one order, the court stated "[f]urther motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment." (D.I. 88)

2. In his motions, plaintiff states that an attorney is needed because: (1) the prison law library has refused to provide all requested legal materials; (2) there are problems with service of process; (3) discovery needs to be exchanged and depositions need to be taken; and (4) a trial date needs to be scheduled. (D.I. 84, 87)

3. **Appointment of counsel.** A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within in the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); accord *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; accord *Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

5. As noted, plaintiff was at one time a practicing attorney with, by his own admission, "considerable trial experience." His voluminous filings include copious factual accounts and legal arguments to support his claims and reflect an ability to sufficiently prosecute all aspects of this litigation. The record is devoid of any evidence even suggesting that plaintiff will be prejudiced by the denial of appointment of counsel. **Accordingly, the court will not consider plaintiff's motions for appointment of counsel until after summary judgment motions are decided; such filings will be docketed but not acted upon by the court.**

IT IS FURTHER ORDER that:

6. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **March 1, 2010**.

7. **Application by Motion**. Any application to the court shall be by written motion filed with the clerk of court. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to chambers.

8. **Summary Judgment Motions**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **April 1, 2010**. Answering briefs and affidavits, if any, shall be filed on or before **May 3, 2010**. Reply briefs shall be filed on or before **May 17, 2010**.

_United States District Judge_