IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH R. ABRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-593-SLR |
| | ) | |
| LT. COSTELLO and OFFICER CPL. | ) | |
| MANN, | ) | |
| | ) | |
| Defendants. | ) | |

Kenneth R. Abraham, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: June 1̇l , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Kenneth R. Abraham ("plaintiff") is an inmate incarcerated at the James

T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and

has been granted leave to proceed in forma pauperis. On September 26, 2007, he filed

this lawsuit pursuant to 42 U.S.C. § 1983. The case proceeds on the original complaint.

(D.I. 2, 12, 80, 82) Presently before the court are the parties' cross-motions for

summary judgment and plaintiff's motion to compel. (D.I. 98, 102, 103) The court has

jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will

grant in part and deny in part defendants' motion for summary judgment, deny plaintiff's

motion for summary judgment, and grant in part and deny in part plaintiff's motion to

compel.

## II. BACKGROUND

Plaintiff began his incarceration within the Delaware Department of Correction

("DOC") on January 3, 2007. He has been housed in the Security Housing Unit at the

VCC since May 16, 2007. (Id. at ¶ 9, 105) Prior to that time he was a participant in the

Civigenics' Crest drug treatment program from January 5, 2007 through April 29, 2007,

and was in the Sussex Violation of Probation Center ("SVOP") from April 29, 2007

through May 13, 2007. (D.I. 2, ¶¶ 7, 8, 59, 103, 104) Plaintiff alleges that on May 10,

2007, while handcuffed and seated in a chair, he was attacked by defendants Officer

Cpl. Mann ("Mann") and Lt. Costello ("Costello") (together "defendants"). (Id. at ¶ 72)

Plaintiff alleges that Mann and Costello sprayed him with a chemical agent, slammed

him to the pavement, kicked him in the head, deliberately injured his arm, insulted, and

threatened him. (Id.) Plaintiff alleges he suffered injuries to his leg, head, shoulder,

back, neck and arm. (Id.) He also raises a supplemental state assault and battery claim.

Plaintiff did not file a grievance regarding the alleged staff assault on May 10, 2007. (D.I. 100, exs. 1, 2, 3) Plaintiff acknowledges that he did not file a grievance, but avers that on May 10 and 11, 2007, he submitted written requests to the correctional officers for grievance forms at least three times over three shifts over two days. He also made at least nine or ten oral requests for grievance forms from May 10 through 15, 2007. Despite his numerous requests, he was never provided a grievance form. The day after the alleged assault, plaintiff wrote a letter to the warden of the Sussex Correctional Institution requesting an investigation by internal affairs, but he received no response. (D.I. 104)

Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and they have Eleventh Amendment immunity as to the claims raised against them in their official capacities. (D.I. 98) Plaintiff stands on his complaint and moves for summary judgment on the grounds that defendants have not denied, disputed, or refuted his allegations under oath or in affidavit form. (D.I. 102) Also pending is plaintiff's motion to compel. (D.I. 103) Defendants did respond to either of plaintiff's motions.

## III. SUMMARY JUDGMENT

### A. Standard of Review

The court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

-2-

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Moreover, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B. Exhaustion of Administrative Remedies**

Defendants argue that plaintiff failed to exhaust his administrative remedies as required by the PLRA. Plaintiff responds that he repeatedly requested grievance forms to no avail and, therefore, the grievance process was unavailable to him.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis,* 372 F.3d 218, 231 (3d Cir. 2004)). A prisoner must complete the administrative

-4-

review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.,* 277 F. App'x 148, 152 (3d Cir. 2008) (not published) (citing *Williams,* 482 F.3d at 639; *Spruill,* 372 F.3d at 228, 231). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts,* 251 F. App'x 774, 776 (3d Cir. 2007) (not published) (citing *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000)).

The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill,* 372 F.3d at 227-28; *Nyhuis,* 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn,* 318 F.3d 523 (3d Cir. 2003). The failure to exhaust administrative remedies is "excused if there was a failure to provide grievance forms." *Id.* at 529. If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak,* 312 F.3d 109, 112-13 (3d Cir. 2002).

Plaintiff acknowledges that there is a grievance process and that he did not utilize it fully. He is, however, excused for his failure to exhaust inasmuch as he was not provided grievance forms despite his repeated written and oral requests. Therefore, the court will deny defendants' motion for summary judgment on the issue of failure to exhaust administrative remedies.

## C. Eleventh Amendment Immunity

Defendants move for summary judgment on all claims raised against them in their official capacities by reason of Eleventh Amendment immunity. Defendants, while

acting in their official capacities, are immune from suit under the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997); *Ali v. Howard*, 353 F. App'x 667, 672 (3d Cir. 2009) (not published). Plaintiff responds that he does not sue defendants in their official capacities, only their individual capacities. Accordingly, the court will grant defendants' motion for summary judgment as to claims raised against them in their official capacities.

## D. Excessive Force

In defendants' motion for summary judgment, they state that, because there is a dispute of fact on whether excessive force was used on plaintiff, the factual issue must be decided by a jury. Plaintiff filed a one page motion for summary judgment approximately two weeks after defendants filed their motion for summary. Therein he swears under penalty of perjury that all the facts stated in his complaint are true and correct, and contends that summary judgment is proper inasmuch as "[d]efendants have not denied, disputed or refuted any of [his] allegations or claims under oath or in affidavit form, as is required to avoid summary judgment." (D.I. 102) Defendants did not respond to the motion.

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). The core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or

-6-

restore discipline, or maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, –
U.S. –, 130 S.Ct. 1175 (2010).

Plaintiff relies upon the facts contained in his complaint in support of his
argument that he is entitled to summary judgment. *See also Reese v. Sparks*, 760 F.2d
64, 67 (3d Cir. 1985) (treating verified complaint as an affidavit in opposition to motion
for summary judgment); *Wilson v. Maben*, 676 F. Supp. 581, 583 (M.D. Pa. 1987) (If
allegations in a verified complaint are specific and based on personal knowledge, the
complaint should be treated as an affidavit in support of or in opposition to a motion for
summary judgment.). Although defendants did not respond to plaintiff's motion for
summary judgment, discovery provided to the court indicates there remains an issue of
fact as to the events of May 10, 2007. Specifically, in an answer to an interrogatory,
defendants deny paragraph 72 of the complaint as averred, but are aware of an incident
of plaintiff's disruptive behavior occurring on May 10, 2007. (D.I. 94, responses ¶ 2)
Also, defendants responded to the request for admission, "[o]n May 10, 2007,
[defendants] did spray [plaintiff] with pepper spray, grabbed him out off the chair he was
sitting in while handcuffed [and] throw[] him to the pavement," as follows: "Admitted that
the [p]laintiff was cap-stunned on May 10, 2007 due to his belligerent behavior. Plaintiff
refused to follow repeated directed orders to crush cans. Plaintiff was placed on the
ground and secured with handcuffs. The remainder of this [r]equest is denied. (D.I. 93,
responses ¶ 3) Conversely, plaintiff claims that defendants slammed him to the
pavement and deliberately injured him that day, without cause or provocation. (D.I. 2, ¶
72) Hence, in dispute is whether force was applied in a good-faith effort to maintain or
restore discipline, or maliciously and sadistically to cause harm to plaintiff.

-7-

There remain genuine issues of material fact as to the issue of the use of excessive force on May 10, 2007. For the above reasons, the court will deny plaintiff's motion for summary judgment. (D.I. 102)

## IV. MOTION TO COMPEL

Plaintiff moves to compel defendants to respond to certain requests for production of documents and interrogatories to which they objected. (D.I. 103) Defendants did not respond to the motion. Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Request for production No. 1 seeks copies of any and all grievances filed by an inmate against defendants for excessive force between May 10, 2002 to date. (D.I. 96) Request for production No. 2 seeks copies of any and all lawsuits filed by an inmate or former inmate against defendants for excessive force, assault, or unlawful retaliation between May 10, 2001 to date. (D.I. 96) Similarly, interrogatory No. 3 asks for the number of times defendants have had a grievance filed against them for excessive force and been sued for excessive force with the name of each complainant and the date of each incident, grievance, and lawsuit during the preceding five years from May 2002, to date. (D.I. 94) Defendants object on the grounds that the requests and interrogatory

-8-

have no relevance to plaintiff's claims, are beyond the scope of Rule 26, overly broad, unduly burdensome, contain confidential information, and the DOC does not track grievances or lawsuits in that manner. Defendants' objections are sustained.

Interrogatory No. 1 seeks the names of all correctional officers and DOC employees working in the SVOP from 4:00 P.M. to midnight. (D.I. 94) Defendants object on the grounds that the interrogatory is vague, overly broad and unduly burdensome as it does not provide a specific date for the request. Granted, the interrogatory omitted the date, but the relevant date, May 10, 2007, is well-known to the parties. Defendants' objection is overruled and they will be ordered to answer the interrogatory as to the events of May 10, 2007.

Interrogatory No. 2 asks for the names of all correctional officers and DOC employees who were present or witnessed the incident complained of by plaintiff in paragraph 72 of the complaint, noting there were four or five present. (D.I. 94) Defendants responded with five names, but plaintiff now contends there were at least six correctional officers present. The court finds defendants' response sufficient.

Based upon the foregoing, the motion to compel will be granted in part and denied in part.

## V. CONCLUSION

For the reasons discussed above, the court will grant in part and deny in part defendants' motion for summary judgment, deny plaintiff's motion for summary judgment, and grant in part and deny in part plaintiff's motion to compel.

An appropriate order will be entered.